# LOWRIE v. TAYLOR.

PATENTS; INTERFERENCE; BURDEN OF PROOF; RULES OF PRACTICE; REDUC-
TION TO PRACTICE; WITNESSES; EVIDENCE.

1. The burden of proof is on the junior party to an interference to over-
come the earlier filing date of his adversary.

2. The Patent Office tribunals are not permitted to ignore the rules law-
fully established for the taking of testimony in interferences; and in
appeals in such cases from the Patent Office this court is equally
bound.

3. An earlier date of reduction to practice than that claimed in his pre-
liminary statement cannot be given to one of the parties to an inter-
ference, even though the testimony shows an earlier reduction to
practice, as the sworn preliminary statements constitute the pleadings
of the parties, and they are held strictly to the dates given therein.
(Following Stevens v. Seher, 11 App. D. C. 245; Cross v. Phillips, 14
App. D. C. 228; Bader v. Vajen, 14 App. D. C. 241; Hammond v.
Basch, 24 App. D. C. 469.)

4. Where a witness in testifying as to the date when he did certain work
states that an entry in his cash book was one of the means by which
he had refreshed his memory as to when he did the work, it is not
essential that the book be produced in court.

5. Where a witness, without objection, testifies that his cash book shows
that he was paid for work on a given date, and says that he can pro-
duce the book, but he is not asked to do so, his testimony is admissible.
(Following Laas v. Scott, 26 App. D. C. 354.)

6. In order to constitute reduction to practice, it is not necessary that a
device should have been made of a material which would be used
when it should be placed upon the market (following Norden v.
Spaulding, 24 App. D. C. 286); nor is it necessary that it should
have been mechanically perfect, so long as it was an operative device,
and was used as such, and showed that the work of the inventor was
complete.

No. 326. Patent Appeals.  Submitted March 20, 1906.  Decided May 3, 1906.

HEARING on an appeal from the decision of the Commissioner of Patents in an interference case.          *Reversed.*

The facts are sufficiently stated in the opinion.

*Mr. William F. Hall* and *Mr. Edward C. Hard* for the appellant.

*Mr. Horace Pettit* and *Mr. Harry Cobb Kennedy* for the appellee.

Mr. Justice DUELL delivered the opinion of the Court:

The appeal in this case is taken from the decision of the Commissioner of Patents awarding priority of invention to James H. Taylor and Izora Taylor of the following issue:

"A garment fastener, consisting of a plate having means for securing the same to a garment, a plurality of upper garment engaging devices situated at the upper end of and upon the front face of said plate and extending inwardly from the side edges thereof, said upper garment engaging devices being inclined upwardly and outwardly to the side edges of the plate from a vertical line passing through the approximate center thereof, and a garment engaging device situated on the front face of the plate below said upper garment engaging devices and on a vertical line passing through the approximate center of said plate."

The invention to which the issue relates is an improvement in garment fasteners designed to be worn by women for holding the front portion of the garments in position so that the skirts will be prevented from working up. The fastener is adapted to be secured to the corset; and it is provided with downwardly opening hooks with which the upper portions of the skirts and other articles of wearing apparel will engage.

The fastener of the issue is provided with four hooks suitably arranged for their intended use.

Two interferences were originally declared, each embracing a single claim of the applications of the respective parties; but they were later consolidated, and became one interference with two counts. But one record was made, and all the decisions of the Patent Office have treated the controversy as one. The Examiner of Interferences awarded priority of both issues to Taylor and Taylor; the Examiners-in-Chief reversed his decision and found priority of invention of both issues in favor of Wilhelmina M. Lowrie; while the Commissioner of Patents found in favor of Taylor and Taylor as to the second count of the interference, and in favor of Lowrie as to the first count. The controversy comes before us in the form of separate appeals, each party having appealed from so much of the decision of the Commissioner of Patents as is adverse to them. In view of the award of the Commissioner of Patents and of the two appeals, it seems better to consider the appeals separately, although they are founded upon the same applications and relate to the same general invention.* The testimony, however, is to be separately considered, as some of it relates to one issue and other parts of it to the other.

The record discloses that Taylor and Taylor filed their application February 7, 1901, and that Lowrie filed her application June 14, 1902. Lowrie, being the junior party, has upon her the burden to overcome by *pertinent* testimony the earlier date of Taylor and Taylor.

It appears from an examination of the record that Taylor and Taylor's preliminary statement alleges conception and disclosure of the subject-matter of this issue about May 1, 1900, and a reduction to practice in September, 1900. They have introduced into evidence a garment fastener, known as "Exhibit No. 1," which is shown by satisfactory proof to have been made and shown to others in May, 1900. We agree with the tribunals of the Patent Office that if this exhibit were admissible for the purpose of showing a reduction to practice as of the date of its construction it would be sufficient to constitute a

*See *Taylor* v. *Lowrie, post.* 527.—Reporter.

reduction to practice by Taylor and Taylor; but, unfortunately for them, under the rules of the Patent Office they are bound by the allegation of their preliminary statement that they did not reduce to practice the invention of the subject-matter of this count until September, 1900. The Patent Office tribunals are not permitted to ignore the rules lawfully established for the taking of testimony in interferences; and in appeals in such cases from the Patent Office we are equally bound. We are therefore unable to give any earlier date of reduction to practice to Taylor and Taylor than that alleged in their preliminary statement.

As was said by this court in *Hammond* v. *Basch,* 24 App. D. C. 469, 473, "the sworn preliminary statements required when an interference has been declared constitute the pleadings of the parties, and we have had occasion several times, and for reasons satisfactory now as then, to approve the practice of holding the parties strictly to the dates given therein. *Bader* v. *Vajen,* 14 App. D. C. 241, 254; *Stevens* v. *Seher,* 11 App. D. C. 245, 251; *Cross* v. *Phillips,* 14 App. D. C. 228, 236." If the party whose proofs do not correspond to his preliminary statement does not choose to ask leave to amend his statement, or if the Commissioner of Patents refuses to permit an amendment, we are without power in the premises.

Taylor and Taylor are therefore to be given the date of May 1, 1900, as that of conception and disclosure, and the date of September, 1900, for their reduction to practice.

Turning now to Lowrie's proofs, it appears that in August, 1900, one Hastings made under direction a brass garment fastener which is in evidence and known as "Lowrie's Exhibit No. 1." The evidence establishes beyond any reasonable doubt that this exhibit was made at the time claimed. Hastings testifies that he made it in August, and received the sum of 40 cents for his work. He testifies, without objection, that his cash book shows that he received that amount on August 18, 1900. He was cross-examined by counsel for Taylor and Taylor in reference to the entry, and was asked if he could produce the book. He replied that he did not have the book with him, but

could produce it. He was not asked to do so, and there the matter dropped. The entry in the cash book was referred to by him as being one of the means by which he had refreshed his memory as to the time of making the device. For the purpose the book was used, it was not essential that it should be brought into court. 8 Enc. Pl. & Pr. p. 142. But, irrespective of this, in view of the fact that its production was not demanded by counsel for appellees, and that the testimony in reference to it was not objected to, such testimony was admissible under the authority of *Lass* v. *Scott* (26 App. D. C. 354), decided by this court at the October, 1905, term.

It is strenuously urged by appellees that in no event does the exhibit amount to a reduction to practice. We think otherwise. True, it was not mechanically perfect, but the work of the inventor was complete. It was an operative device, and was used as such. It was not made of a material which would be used when it should be placed upon the market, but that is by no means necessary in all cases in order to constitute a reduction to practice. *Norden* v. *Spaulding,* 24 App. D. C. 286, 291. Futhermore, the hooks were not in size adapted to retain thick skirt bands, but they were when those bands were of thin material. It appears that the appellant wore it for some two months. She very frankly testifies that it was not entirely satisfactory and successful, but when her entire testimony is analyzed in the light of the surrounding circumstances, and after a careful examination of the device, we are convinced that Mrs. Lowrie did not mean, and could not have meant, that the device was not an operative one. The mechanical imperfections appeared at the first use of the device, and to remedy them required only the most ordinary mechanical knowledge, and there was then left no room for the exercise of the inventive talent. Lowrie therefore is entitled to a date of reduction to practice in August, 1900, which is earlier than any date for reduction to practice that can be given to Taylor and Taylor.

Appellant was not called upon, under the pleadings, to rebut any testimony showing an earlier reduction to practice by Tay-

lor and Taylor than that set up by them in their preliminary statement, which was in September, 1900.

Under the relevant proofs we find that Taylor and Taylor, while the first to conceive, were the last to reduce to practice. Mrs. Lowrie entered the field in May, 1900, and commenced and continued her experiments and efforts to reduce the invention to practice until her efforts met with success on or about August 18, 1900. During that time Taylor and Taylor, so far as this record shows, were doing nothing and performed no act of diligence.

Our conclusion is that Lowrie is entitled to an award of priority of invention. In view of this conclusion it follows that the decision of the Commissioner of Patents was erroneous.

The decision of the Commissioner of Patents awarding priority of invention to Taylor and Taylor on the second count of the issue of the interference, which is the one involved in this appeal, is reversed.

The clerk will certify this opinion and the proceedings of this court in the premises to the Commissioner of Patents according to law.                              *Reversed.*